# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  49003-0-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| MATTHEW J. PERRON, | |
| Appellant. | |

BJORGEN, C.J. — Matthew Perron appeals his second degree burglary conviction, asserting that the trial court erred by admitting propensity evidence in violation of ER 404(b).[1] We agree and therefore reverse his conviction and remand to the trial court.

## FACTS

On March 8, 2014, Brandy Hinesly was working as an asset protection associate at an Aberdeen Walmart store[2] when she saw a male and a female in the electronics section of the store.  Hinesly later identified the male and female as Perron and Perron's girlfriend, Ashley Young.  Hinesly saw Perron select a speaker and leave the electronics section of the store. Hinesly then saw Perron remove the speaker's packaging and conceal the speaker in his pants, after which Hinesly contacted the police.  Police officers arrived and detained Perron and Young as they attempted to leave the store.  After police officers escorted Perron and Young to

---

[1] Perron also requests that we exercise our discretion to waive appellate costs in this matter. Because Perron's current or likely future ability to pay appellate costs may be addressed by a commissioner of this court under RAP 14.2, we defer this matter to our commissioner in the event that the State files a cost bill.

[2] Walmart store is also referenced in the record as Wal Mart and Wal-Mart.

Hinesly's office, Hinesly issued the couple a written trespass notice that prohibited their entry into any Walmart store.

On October 10, 2015, Abigayle Frias was working as an asset protection associate at the same Aberdeen Walmart. Frias saw a male, whom she later identified as Perron, drop an empty knife package onto the floor, select a speaker from the electronics section of the store, and then run out of the store without paying for the speaker. When reviewing a security video recording of the incident, Frias noticed that Perron had removed the electronic security device that had been fastened to the speaker. Frias was again working at Walmart on November 3, 2015, when she saw Perron in the store. Frias called the police, and an officer arrived and made contact with Perron.

The State charged Perron with second degree burglary based on his alleged conduct during the October 10 incident. Before trial, Perron moved to exclude evidence of the March 8, 2014 incident apart from the fact that he was allegedly issued a trespass notice on that date.[3] Perron argued that the March 8 conduct forming the basis for the issuance of the trespass notice was not relevant to whether he committed second degree burglary on October 10 and that the evidence of his conduct on March 8 was highly prejudicial.

The State argued as follows:

> I don't necessarily think it's appropriate to go into the details of [the March 8 incident] immediately, up front. But if [defense counsel's] argument is going to be

_____

[3] Perron also moved to exclude evidence concerning certain details of the November 3 incident. The trial court granted the motion in part, and there is no issue regarding that ruling before us in this appeal.

an issue of identity, which I believe it is, since he has indicated an alibi witness, then I think there is sort of a modus operandi here, he stole a speaker in the March incident where he was trespassed, and then again in the October incident. And so, common scheme or plan definitely applies here. It's not being introduced to show that he acted in conformity therewith. It's being introduced to sort of rebut this argument that this is not the same person, it's relevant, it makes it more likely that it was, in fact, the same person.

Report of Proceedings (RP) (Pretrial Hearing) at 5-6.

The trial court denied Perron's motion to exclude evidence of the March 8 incident, reasoning:

Mr. Perron, as I understand it, is denying that he was notified that he wasn't supposed to be in Wal Mart and has otherwise put the State to its burden on all of the elements of the crime.

The elements of this crime include proof that Mr. Perron lacked permission to be in this otherwise public place, and you just pointed out, [defense counsel], that he is denying that he received a written notice that he wasn't supposed to be there; I think that makes everything that happened on March 8th, admissible. It may be prejudicial as the State pointed out in its trial brief, almost all relevant evidence in a criminal case is prejudicial against the defendant because it tends to prove guilt, that's why the State is offering it.

. . . .

And, so, I think the State should be allowed to prove what occurred on March 8th, that Mr. Perron was in the store, that there was at least an attempted theft of speakers, that he was taken into custody, and that during that process he was notified that he could no longer come into the Wal Mart store, and that he was with Ashley Young. I don't even think that's a rebuttal issue, I think it's just part of what happened. I think what happened on March 8th of 2014 is relevant material to the elements of the crime for which Mr. Perron is on trial today.

RP (Pretrial Hearing) at 9-11. The matter proceeded to a jury trial.

At trial, Hinesly and Frias testified consistently with the facts as stated above. Additionally, Hinesly testified that Perron was uncooperative and threatened violence while the trespass notice was being explained to him. Hinesly also testified that it is her standard practice

to offer a suspected shoplifter a copy of the written trespass notice, but she could not remember if Perron had accepted a copy of the notice.

Aberdeen police officer Gary Sexton testified that he was present when Perron was issued the written trespass notice and that he had signed the notice as a witness. A copy of the written trespass notice was admitted as a trial exhibit. During Frias' testimony, a video recording of Perron's alleged conduct on October 10 was admitted as evidence and played for the jury.

Young testified for the defense. She stated that neither she nor Perron were ever informed that they were not permitted to enter Walmart. Young also stated that Perron was with her in Tacoma the entire day of October 10, 2015. Perron similarly testified that he was never issued a trespass notice or otherwise notified of being prohibited from entering Walmart. He also denied entering Walmart on October 10 and denied that he was the person on the security video recording taken on that date.

The jury returned a verdict finding Perron guilty of second degree burglary. Perron appeals from his conviction.

ANALYSIS

Perron contends that the trial court violated ER 404(b) by permitting testimony about his alleged conduct on March 8 that led to the issuance of the trespass notice against him. We agree.

We review a trial court's interpretation of ER 404(b) de novo. *State v. Fisher*, 165 Wn.2d 727, 745, 202 P.3d 937 (2009). If the trial court's interpretation of ER 404(b) is correct, we review its decision to admit evidence subject to ER 404(b) for an abuse of discretion. *Fisher*, 165 Wn.2d at 745. A trial court abuses its discretion when its decision is manifestly

4

unreasonable or based on untenable grounds. *State v. Hassan*, 184 Wn. App. 140, 151, 336 P.3d 99 (2014).

Under ER 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." However, evidence of other acts may be admissible "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." ER 404(b). Before a trial court admits evidence under ER 404(b), it must (1) find by a preponderance of the evidence that the misconduct occurred, (2) identify the purpose for admitting the evidence, (3) determine the relevance of the evidence to prove an element of the crime, and (4) weigh the probative value of the evidence against its prejudicial effect under ER 403. *State v. Gunderson*, 181 Wn.2d 916, 923, 337 P.3d 1090 (2014).

Perron challenges the trial court's ruling only with regard to (1) the purpose for which the evidence of other acts was admitted and (2) the ER 403 balancing analysis. We address each challenge in turn.

A.    Purpose for Admitting Other Acts Evidence

Based on its statements that Perron's conduct on March 8 was "just part of what happened" leading to the charged burglary, we conclude that the trial court admitted evidence of Perron's conduct on March 8 under the res gestae exception to ER 404(b). RP (Pretrial Hearing) at 10-11. In doing so, the trial court abused its discretion.

In addition to the exceptions expressly identified in ER 404(b), Washington courts have recognized a res gestae or "same transaction" exception, in which evidence of prior crimes is admissible if it is "so connected in time, place, circumstances, or means employed that proof of

such other misconduct is necessary for a complete description of the crime charged, or constitutes proof of the history of the crime charged." 5 Karl B. Tegland, WASH. PRAC., EVIDENCE § 115, at 398 (3d ed. 1989); *State v. Lane*, 125 Wn.2d 825, 831, 889 P.2d 929 (1995).

> Once the trial court has found res gestae evidence relevant for a purpose other than showing propensity and not unduly prejudicial, that evidence is admissible under the res gestae exception to ER 404(b), so long as the State has shown by a preponderance of the evidence that the uncharged crimes occurred and were committed by the accused.

*Lane*, 125 Wn.2d at 834.

Here, the trial court noted that, to convict Perron of second degree burglary, the State was required to prove that he had unlawfully entered Walmart on October 10, 2015. *See* RCW 9A.52.030(1). The trial court further noted that evidence of Perron's receipt of the trespass notice against him on March 8, 2014 was critical for the State to meet its burden of proving Perron's unlawful entry because Walmart is a store held open to the public. The trial court then determined that Perron's conduct on March 8 was relevant to show the circumstances surrounding the issuance of the trespass notice and to rebut Perron's defense that he was never issued a trespass notice on that date.

Without doubt, evidence of the March 8 trespass notice was relevant to prove that Perron unlawfully entered the Walmart on October 10. The unlawful entrance, in turn, was an element of the charged second degree burglary on October 10. Thus, the trial court properly admitted evidence that the trespass notice had been issued to Perron. However, to the extent the court ruled that the details on the March 8 incident were admissible under the res gestae exception merely because they pertained to the circumstances of the trespass notice, it erred. As noted, the

6

Supreme Court has held that evidence is admissible as res gestae only if, among other requirements, it is "relevant for a purpose other than showing propensity." *Lane*, 125 Wn.2d at 834. Without some relevance to whether the trespass notice was in fact issued, the details of the March 8 incident would fail this test.

The trial court also ruled that the details of the March 8 incident were relevant to rebut Perron's claim that he was never issued a trespass notice based on that incident. Evidence that Perron shoplifted on March 8 would tend to make issuance of the notice on that date more likely. Thus, the trial court appropriately recognized that the details of the March 8 incident had some relevance to the legitimate purpose of proving that Perron was issued the notice. However, the details of the incident also plainly invite the jury to convict on the basis of Perron's propensity to rob department stores, a purpose forbidden by ER 404(b). The tension between those purposes is resolved through the ER 403 balancing test, discussed below.

Before turning to that test, we note that the State also argues that the details of the March 8 incident were relevant under ER 404(b) to show identity: that Perron was the same individual who was issued the trespass notice on March 8 and who carried out the theft on October 10. Our Supreme Court has held that when evidence of other acts is introduced to show identity by establishing a unique modus operandi, the evidence is relevant to the current charge

> "only if the method employed in the commission of both crimes is 'so unique' that proof that an accused committed one of the crimes creates a high probability that he also committed the other crimes with which he is charged."

*State v. Foxhoven*, 161 Wn.2d 168, 176, 163 P.3d 786 (2007) (quoting *State v. Thang*, 145 Wn.2d 630, 643, 41 P.3d 1159 (2002)). Other act evidence "'is not admissible for this purpose

merely because it is similar, but only if it bears such a high degree of similarity as to mark it as the handiwork of the accused.'" *State v. Coe*, 101 Wn.2d 772, 777, 684 P.2d 668 (1984) (quoting *United States v. Goodwin*, 492 F.2d 1141, 1154 (5th Cir. 1974)).

Here, the trial court made no finding on similarity in admitting the evidence at issue under the res gestae exception to ER 404(b). The evidence weighing in favor of similarity is that (1) the thefts took place at the same Walmart and (2) both cases involved the theft of a speaker. These generic correspondences do not reach the "'high degree of similarity'" that marks the act "'as the handiwork of the accused.'" *Coe*, 101 Wn.2d at 777 (quoting *Goodwin*, 492 F.2d at 1154). Under our case law, the details of the March 8 incident were not admissible under ER 404(b) to show identity.

B.      ER 403 Balancing

Having determined that Perron's conduct on March 8 had some relevance to rebut his contention that he was never issued a trespass notice, we now turn to whether the trial court abused its discretion in concluding that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. We hold that the trial court abused its discretion in making this conclusion.

ER 404(b) must be read in conjunction with ER 403. *State v. Smith*, 106 Wn.2d 772, 775, 725 P.2d 951 (1986). "ER 403 requires exclusion of evidence, *even if relevant*, if its probative value is substantially outweighed by the danger of unfair prejudice." *Smith*, 106 Wn.2d at 776.

The details of Perron's shoplifting on March 8 only obliquely support that he was issued a trespass notice on that date. Much stronger and more direct evidence of issuance lies in Hinesly's testimony that she issued the couple a written trespass notice. Hinesly also testified that it is her standard practice to offer a suspected shoplifter a copy of the written trespass notice, but she could not remember if Perron had accepted a copy of the notice. Finally, Officer Sexton testified that he was present when Perron was issued the written trespass notice and that he had signed the notice as a witness. To this direct evidence of issuance, the details of the March 8 incident would add only a whisper of support.

On the other hand, the prejudicial effect of this evidence is unmistakable. The knowledge that Perron had previously robbed the same store of the same sort of product is an invitation to convict on the basis of propensity that a jury could only refuse with great difficulty. We recognize that the jury was made aware through ER 609 impeachment evidence that Perron had a previous conviction for third degree theft, as well as a previous conviction for possession of stolen property and three convictions for making a false statement. Nonetheless, evidence that he had robbed the same store of the same sort of product is much more potent propensity evidence than is this list of other convictions. The details of the March 8 incident were prejudicial in their Siren-like invitation to convict Perron on the basis of propensity to commit the offense.

In light of these considerations, we hold that the danger of unfair prejudice from

admitting the details of the March 8 incident well outweighed their slight relevance in showing issuance of the trespass notice. The trial court abused its discretion in concluding to the contrary. Accordingly, we hold that the trial court erred in admitting evidence of the details of the March 8 incident.[4]

## CONCLUSION

We reverse Perron's second degree burglary conviction and remand to the trial court.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Bjorgen, C.J.

BJORGEN, C.J.

We concur:

WORSWICK, J.

MAXA, J.

---

[4] The State does not argue that any error was harmless.